IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATISHA L. BELL, )  | CIVIL ACTION 4:11-CV-2114-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN[1], ) | |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

**I.  PROCEDURAL HISTORY**

Katisha L. Bell ("Plaintiff" or "claimant") filed applications for DIB and SSI on January 4, 2008, alleging inability to work since November 15, 2005, due to diabetes, and injuries to her neck,

---

[1] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2012.

back, and arm. Her applications were denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on May 28, 2010, before an Administrative Law Judge ("ALJ") by way of video teleconferencing. The Plaintiff appeared and testified as did a vocational expert (VE). The ALJ issued an unfavorable decision on July 20, 2010. (Tr. 13-23). The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review in this court by the filing of a complaint on August 11, 2011.

## II.  FACTUAL BACKGROUND

The Plaintiff was born on January 23, 1976, and was 34 years old at the time of the hearing before the ALJ. Plaintiff has an eleventh grade education and last worked as a certified nursing assistant. Plaintiff also had past work experience as a machine operator and as a stocker/cleaner for Delta Airlines.

## III.  DISABILITY BACKGROUND

The Plaintiff's arguments consist of the following, quoted verbatim:

(1) The ALJ failed to evaluate the combined effect of Ms. Bell's impairments; and

(2) The ALJ performed a legally flawed credibility analysis; and

(3). The ALJ's decision does not rest on substantial evidence.

(Plaintiff's brief).

In the decision of July 20, 2010, the ALJ found the following:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.

2. The claimant has not engaged in substantial activity since November 15, 2005, the alleged onset date (20 CFR 404.1571 *et. seq.* and 416.971 *et. seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, herniated disc at C6-7, Type 1 diabetes mellitus, hypertension, and history of tuberculosis (20 CFR 404.1520(c) and 416.920(c)). The claimant has the following non-severe impairment: depression.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the criteria of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) based on the following limitations: she has the ability to climb, balance, stoop, crouch, or crawl on an occasional basis only, and she must avoid all concentrated exposure to fumes, gases, odors, and poor ventilation.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 426.965).

7. The claimant was born on January 23, 1976 and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has

3

>             transferable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a), 416.969, and 416.969(a)).
>
> 11.    The claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2005, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 15-23).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of

5

disability by showing she was unable to return to her past relevant work.  Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert.  Id. at 191.

## IV.  ARGUMENTS AND ANALYSIS

**Combination of Impairments**

Plaintiff argues "[t]he ALJ failed to consider the combined effect of Ms. Bell's impairments." (Plaintiff's brief, p. 14). Plaintiff asserts the ALJ provided no analysis of the combined effect of Plaintiff's multiple impairments failing to comply with the mandate of Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989). Plaintiff contends that "[t]he ALJ in Ms. Bell's case simply assessed each impairment in turn at the Listing step of the sequential evaluation process. At the RFC stage, the ALJ did not even bother to connect his proffered limitations to specific impairments. As such, it is simply impossible, as well as improper, to infer that the ALJ in Ms. Bell's case considered the combined effect of her various impairments." (Plaintiff's brief, p. 15).

The role of the federal judiciary in reviewing decisions made under the Social Security Act is limited. See 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock, 483 F.2d at 775. In order for a reviewing court to

determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination ...." Green v. Chater, 1995 U.S.App. LEXIS 21970, *7, 1995 WL 478032 (4th Cir.1995) (citing Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir.1986)). When dealing with a claimant with more than one impairment, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989) (citations omitted). This requires the ALJ to "adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50 (citing Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir.1985)). But see, Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992); and, Gooch v. Secretary of Health & Human Services, 833 F.2d 589, 592 (6th Cir. 1987).

In Walker, the Fourth Circuit remanded plaintiff's claim because the ALJ failed to adequately consider and explain his evaluation of the combined effects of the claimant's impairments. See Walker, 889 F.2d at 49-50. The ALJ found that the claimant suffered from several ailments and noted the effect or non-effect of each impairment separately. See Id. The ALJ found that "the claimant did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Reg. No. 4." Walker, 889 F.2d at 49. The Fourth Circuit held that the ALJ failed to adequately consider and explain his findings because he did not analyze or explain his evaluation of the cumulative effect of the claimant's impairments. See Id. at 49-50 (citing 42 U.S.C. §423 (d)(2)(B)(2004)(stating the Commissioner must "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."). The ALJ must "consider the combined effect

of a claimant's impairments and not fragmentize them." Walker, 889 F.2d at 50. "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Id.

The ALJ in this action found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, herniated disc at C6-7, Type 1 Diabetes mellitus, hypertension, and history of tuberculosis and a non-severe impairment of depression. (Tr.15-19). The ALJ found at step three of the sequential evaluation that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (Tr. 18). The ALJ specifically addressed the requirements necessary to meet Listings 1.04 (disorders of the spine), 9.08 (diabetes mellitus), 3.08 (mycobacterial, mycotic, and other chronic persistent infections of the lung), and hypertension separately and why Plaintiff did not meet each Listing individually. However, other than the ALJ's conclusory statement that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . .," he made no other findings regarding the combined effects of Plaintiff's impairments.

The Commissioner argues that the ALJ properly considered Plaintiff's impairments in combination by summarizing the medical records and stating he considered them in combination. The Courts in the District of South Carolina have historically found that the Walker decision requires an explanation of the combined effect of a claimant's impairments and consideration of the individual impairments is insufficient. In Walker, the ALJ's decision contained a discussion of each of the Plaintiff's impairments separately. The Fourth Circuit overturned the ALJ's findings in

Walker stating that the ALJ may have discussed each of her impairments but failed to analyze the cumulative effect the impairments would have on her ability to work.

Courts in this district have found the ALJ's discussion and analysis adequate where a reading of the decision as a whole makes clear that the ALJ considered the combination of impairments. See Brown v. Astrue, 2012 WL 3716792 (D.S.C. Aug. 28, 2012),(holding the decision as a whole makes clear that the Commissioner considered the combined effect of a claimant's impairments); Thornsberry v. Astrue, 2010 WL 146483 *5 (D.S.C. Jan. 12, 2010)(finding "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [the plaintiff's] impairments, his overall findings adequately evaluate the combined effect of [the plaintiff's] impairments."). Unlike Brown and Thornsberry, it is not clear that the ALJ in this case considered the combined effects of Plaintiff's impairments, including but not limited to, how the non-severe impairment of depression would effect the other impairments when considered in combination. The decision is void of any discussion by the ALJ of how and whether he considered the cumulative effects of the combined impairments and whether, together, the limitations rendered Plaintiff disabled. Walker, 889 F.2d at 50. In Brown and Thornsberry, it was clear in the discussion of the claimant's RFC that the ALJ considered the cumulative effects of the combination of impairments. See Brown 2012 WL 3716792, at *6; Thornsberry, 2010 Wl 146483, at *5.The ALJ's decision in this case does not include findings or discussion in the RFC analysis or elsewhere to show the ALJ considered the combination of Plaintiff's impairments for the court to properly review the ALJ's decision.[2] Therefore, this case is remanded to the ALJ for proper analysis and explanation of

---

[2] The court offers no opinion as to whether the ALJ should award benefits on remand.

Plaintiff's combined impairments and the effect they may have on Plaintiff's ability to work in connection with the sequential evaluation.[3]

## **CONCLUSION**

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, properly review the decision on the record presented.

Accordingly, IT IS ORDERED that the Commissioner's decision be REVERSED and that this matter be REMANDED TO THE COMMISSIONER PURSUANT TO SENTENCE FOUR for further proceedings in accordance with this opinion.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

March 25, 2013
Florence, South Carolina

---

[3] The Court cannot properly address Plaintiff's remaining arguments without the proper analysis of the combination of impairments.